GUZMÁN, PLAINTIFF AND APPELLANT, *v.* JUNCOS CENTRAL CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2075.—Decided June 1, 1920.

CORPORATIONS—DIRECTORS.—In the absence of a previous agreement it is presumed that the directors of corporations discharge their duties and render their services without any compensation, unless compensation is allowed by the by-laws, or by some rule, regulation or resolution adopted or consented to by the corporation.

The facts are stated in the opinion.

*Mr. J. B. Huyke* for the appellant.

*Messrs. Chas. Hartzell* and *F. Ramírez de Arellano* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In his complaint filed in the District Court of Humacao on July 22, 1916, the plaintiff, Julio D. Guzmán, prays for recovery from the defendant, The Juncos Central Company, of the sum of $1,000 and alleges that at a general meeting of the stockholders of the Juncos Central Company held in 1912 he was elected as a member of the board of directors

of the said corporation for the year 1912–1913 and thereafter the board of directors appointed him treasurer of the corporation, which position he accepted and filled well and faithfully during the term of his appointment, and that no compensation has been paid to him as such director and treasurer notwithstanding the action taken for that purpose, his lowest estimate of such compensation being $1,000.

The defendant answered the complaint and admitted the allegations made therein, but denied owing the plaintiff any sum for the discharge of his duties as treasurer during the year 1912–1913, inasmuch as no compensation was fixed for his services and they were gratuitous.

After a trial the court entered judgment on June 29, 1917, dismissing the complaint, with the costs against the plaintiff, who appealed therefrom to this court.

The appellant, as stated in his brief, does not base his right on any contract with the defendant corporation nor on extraordinary services rendered the corporation, but "on the fact that as the Juncos corporation had always paid for the services of its directors, persons appointed as such were led to believe that they were to receive compensation for their services."

It does not appear to have been proved that the defendant had always paid for the services of its directors, but even supposing such were the case, this would not create any right in favor of the plaintiff, for it was subject to whether the corporation desired to continue paying for the services of its directors. The determination of the company could be permanent or not, and in acting under the belief that he would receive a compensation the plaintiff ran the risk of his belief's being subject to the discretion of the company and being possibly erroneous.

Section 3 of Act No. 30 of March 9, 1911, to establish a law of private corporations, confers, among other powers inherent to every corporation, the power "to appoint the

officers and agents required by the business of the corporation and to make them reasonable compensation.'' The defendant corporation did not exercise this power in connection with the directors appointed for the year 1912–1913, and in the absence of such action the directors of the defendant corporation for the year 1912–1913 acquired no right to compensation.

''Directors of corporations, like other trustees, presumptively serve without compensation, and are not entitled to claim compensation for their services, unless the governing statute or some by-law, regulation, resolution, or contract, made or assented to by the corporation at large, and not merely by the directors themselves, gives it to them.'' 10 Cyc. 898.

The appellant has not shown that the by-laws of the Juncos Central Company, the regulations thereof, or any general or special resolution adopted by it, allows any compensation to the plaintiff for the discharge of his duties as treasurer during the year 1912–1913; therefore the services rendered by him as such must be considered gratuitous.

Besides, the lawful relations of the directors of a corporation to the legal entity of the corporation are those of agents and in the absence of an agreement to the contrary the agency is presumed to be gratuitous, according to section 1613 of the Civil Code. There was no such agreement in this case.

And it does not matter that the president of the corporation, in replying to the demands of the plaintiff, encouraged the hope that his services would be paid for until finally on July 8, 1916, he was informed that the board of directors had unanimously rejected his claim. There was no agreement to pay that would bind the defendant.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.